FILED

2007 DEC 28 AM 10: 26

BY_____KWH_____DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>Carlos FLORES (1)<br><br>Vanessa Marie HARO-Ortega (2)<br><br>Defendants | ) Mag. Case No. **'07 MJ 2998**<br>) <u>COMPLAINT FOR VIOLATION OF:</u><br>)<br>) Title 8, U.S.C., Section 1324<br>) (a)(1)(A)(iii)- Harboring Illegal Alien(s)<br>)<br>)<br>)<br>)<br>) |

The undersigned complainant, being duly sworn, states:

On or about December 27, 2007, within the Southern District of California, defendant Carlos FLORES and Vanessa Marie HARO-Ortega, knowing and in reckless disregard of the fact that an alien, namely, Ramiro VILLANUEVA-Perez, had come to, entered and remained in the United States in violation of law, did conceal, harbor and shield from detection such alien in a building located in ; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii).

And the complainant states that this complaint is based on the attached statement of facts, which, is incorporated herein by reference.

_____
Senior Border Patrol Agent

SWORN TO BEFORE AND SUBSCRIBED IN MY PRESENCE THIS 27th DAY OF DECEMBER 2007.

_____
United States Magistrate Judge

UNITED STATES OF AMERICA

        VS.

Carlos FLORES

Vanessa Marie HARO-Ortega

## STATEMENT OF FACTS

The complainant states that this complaint is based upon statements in the investigative reports by the apprehending officer, Border Patrol Agent Stephen C. Carter and Alexander P. Mills, that on December 27, 2007, the defendants, natives and citizens of the United States were apprehended in Calexico, California, as they harbored, concealed, and shielded from detection one illegal alien in violation of law.

At approximately 2:35 a.m., Remote Video Surveillance System Operators (RVSS) notified agents that a suspected illegal alien was climbing over the International Boundary Fence south of First Street near Encinas Avenue. Agent M. Sandoval was in a concealed position and was able to observe the suspected illegal alien as he climbed over the International Boundary Fence and then run north.

Agent Sandoval observed the suspected illegal alien run to the northwest corner of 739 First Street. As the suspected illegal alien reached 739 First Street, Agent Sandoval observed him open the back door of Apartment A and run inside. Agents converged on the area and surrounded 739 First Street.

SBPA A. Mills knocked on back door of Apartment A with no immediate answer. After Agent Mills continued to knock on the back door for a significant period of time, Carlos FLORES answered the door. Agent Mills identified himself as a United States Border Patrol Agent to FLORES, who Agent Mills immediately recognized as a United States Citizen and known illegal alien smuggler. Agent Mills told FLORES that an agent had just observed a suspected illegal alien enter the apartment. FLORES replied, "I know, he's right here." FLORES pointed behind him to the suspected illegal alien sitting on the floor. The suspected illegal alien got up and came over to the back door.

     Agent Mills identified himself as a United States Border Patrol Agent and questioned the suspected illegal alien as to his citizenship. The suspected illegal alien, later identified as Ramiro VILLANUEVA-Perez, claimed to be a citizen of Mexico without any immigration documents that would allow him to live, work, or remain in the United States legally. Agent Mills placed VILLANUEVA under arrest. Agent Sandoval identified VILLANUEVA as the same person she observed climb over the International Boundary Fence and entered Apartment A located at 739 First Street.

     Agent Mills placed FLORES under arrest for 8 USC 1324 Alien Smuggling. Vanessa Marie HARO-Ortega came to the door and Agent Mills identified himself as a United States Border Patrol Agent and also immediately recognized her as a United States Citizen and a known illegal alien smuggler. Agent Mills placed HARO under arrest for 8 USC 1324 Alien Smuggling.

     At approximately 6:28 a.m. Agent Vega-Torres read HARO her Miranda rights in the English language. Agent Sandoval witnessed this. HARO stated that she understood her rights.

     At approximately 7:20 a.m. Agent Vega-Torres read FLORES his Miranda rights in the English language. Agent Sandoval witnessed this. FLORES stated that he understood his rights

     Material witness Ramiro VILLANUEVA-Perez claimed to be a citizen of Mexico without any immigration documents that would allow him to live, work, or remain in the United States legally. VILLANUEVA stated that he traveled to Mexicali with the intention of illegally entering the United States. VILLANUEVA stated that he found some smugglers on the streets of Mexicali that agreed to smuggle him into the United States for a fee of $1800-$2000. VILLANUEVA stated that he was told and shown, by the smugglers, which house to run to when he climbed over the border fence. VILLANUEVA stated that the smugglers told him that the back door of the house would be open and that there would be other people inside waiting for him.

VILLANUEVA was shown two separate six-pack photo lineups consisting of six photos each. VILLANUEVA positively identified Photo #1 in Photo Lineup #1 as the male inside the house. Photo #1 in Photo Lineup #1 represents the defendant in this case, Carlos FLORES. VILLANUEVA positively identified Photo #2 in Photo Lineup #2 as the female that was *in the*

house who asked him. Photo #2 in Photo Lineup #2 represents the defendant in this case Vanessa Marie HARO-Ortega.

The complainant states that the names of the Material Witnesses are as follows:

| **NAME** | **PLACE OF BIRTH** |
|---|---|
| Ramiro VILLANUEVA-Perez | Mexico |

Further, the complainant states that Ramiro VILLANUEVA-Perez is a citizen of a country other than the United States; that said alien has admitted that he is deportable; that his testimony is material; that it is impracticable to secure his attendance at the trial by subpoena; and that he is material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.